# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. FIELDS, | ) |
| Plaintiff, | ) 2:14-cv-727 |
| v. | ) |
| GERBER LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) (ECF No. 4) filed by Defendant Gerber Life Insurance Company ("Gerber Life") with brief in support (ECF No. 5). Plaintiff Patricia A. Fields ("Fields") filed a RESPONSE TO MOTION TO DISMISS (ECF No. 6) with brief in support (ECF No. 7); Gerber Life filed a reply brief (ECF No. 8). Accordingly, the motion is ripe for disposition.

### I. Background

### A. Factual Background

This action arises from the denial of insurance benefits by Gerber Life after the death of King James Benson Davis, the grandson of Plaintiff Patricia Fields. The following background is drawn from the Complaint, and the factual allegations therein are accepted as true for the purpose of this Memorandum Opinion. As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

On June 12, 2012, Davis was born prematurely with multiple abnormalities which required that he be administered oxygen, a feeding tube and blood transfusions. Following a lengthy hospitalization, Davis was discharged home with his parents.

Gerber Life is an out-of-state company licensed to sell endowment life insurance policies, which it markets as a college savings plan. Gerber Life does not employ agents in Pennsylvania; rather, it sells these policies on the internet and through phone solicitation, allegedly by offering sizeable coverage for minimal monthly, quarterly, semi-annual or annual payments to be made until the insured reaches one-hundred-years-of age.

According to Fields, when a prospective customer contacts Gerber Life by telephone, its representative conducts an interview and completes the application without providing the applicant the opportunity to review and physically sign the document(s). Fields also avers that Gerber Life does not provide the required consumer disclosures and documentation necessary for the applicant to provide a documented electronic signature in accordance with the Electronic Signatures in Global and National Commerce At, 15 U.S.C. §§ 7001, *et seq.*

On October 12, 2012, Fields contacted Gerber Life by telephone to apply for an endowment life insurance policy for her grandson. During that phone call, Fields allegedly informed the representative that Davis was born prematurely with several medical conditions. The Gerber Life representative apparently asked few (if any) questions regarding the health insurance underwriting process.

On October 18, 2012, a Gerber Life representative contacted Fields to further inquire into Davis' medical history. Fields claims that she fully disclosed to the representative all information regarding Davis' premature birth, including his need for a feeding tube, supplemental oxygen, and blood transfusions. Gerber Life allegedly never requested that she verify this information in writing or by electronic means, that she sign her name to any application prepared by the representative, or that she produce the medical records of Davis.

On October 22, 2012, Gerber Life issued to Fields a $50,000 life insurance policy for Davis. Attached to the insurance agreement were unsigned and unverified application forms prepared by and/or on behalf of Gerber Life, purportedly in violation of Pennsylvania and federal law. Moreover, Plaintiff allegedly never agreed in writing to the answers placed on the medical questionnaire which had been completed by the Gerber Life representative after the follow-up telephone call.

On March 7, 2013, Davis died from bilateral acute pneumonia. Following his death, Fields notified Geber Life and completed all forms required by the insurer in order to obtain the payment of death benefits due under the policy. Upon receiving notice, Gerber Life obtained the medical records of Davis and began to investigate whether Fields made a material misrepresentation in the application process. Fields allegeldy cooperated fully with Gerber Life at all times.

On March 3, 2014, Gerber Life denied coverage and canceled the life insurance policy. As Fields contends, Gerber Life denied coverage "based upon information contained on the application forms attached to the policy, knowing that the forms were bogus and should never have been used in denying payment for the loss." (ECF No. 7 at 3). This lawsuit followed.

**B. Procedural History**

Fields commenced this action on May 6, 2014 by filing a four count Complaint in the Court of Common Pleas of Allegheny County against Geber Life in which she alleges causes of action for (1) breach of contract; (2) bad faith in violation of 42 Pa. Cons. Stat. Ann. § 8371; (3) Pennsylvania's Unfair Trade Practice and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-2, *et seq.*; and (4) common law fraud and misrepresentation. Geber Life removed the action to this Court on June 5, 2014 and filed its partial motion to dismiss on June 12, 2014.

3

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675)

(alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### III. Discussion

Gerber Life seeks dismissal of Fields' demand for consequential damages at Count One and Counts Two-Four in their entirety. The Court will address each Count seriatim.

#### A. Breach of Contract

Gerber Life requests that the Court dismiss the demand for consequential damages, arguing that the Complaint fails to set forth any factual basis to show that Fields is entitled to that relief. The law in Pennsylvania is that consequential damages are recoverable for breach of contract if they are a natural result of the breach, were reasonably foreseeable and contemplated by the parties, and provable with reasonable certainty. *Ferrer v. Trustees of the Univ. of Pa.*, 825 A.2d 591, 610 (Pa. 2002) (citing *Taylor v. Kaufhold*, 84 A.2d 347, 351 (Pa. 1951)). This is so "unless the contract provided otherwise." *Id.*

The Court finds that it is premature at this early stage to dismiss without discovery Field's demand for consequential damages. "Issuing a decision regarding the extent of damages available under Plaintiff's Count [One], breach of contract, would be purely speculative at this juncture, given that it has yet to be determined that a breach occurred." *Cummings v. Allstate Ins. Co.*, CIV.A. 11-02691, 2011 WL 4528366, at *9 (E.D. Pa. Sept. 30, 2011). Until such time,

the Court finds that Fields may maintain this aspect of her claim.  Accordingly, the Court will deny Gerber Life's motion to dismiss the demand for consequential damages without prejudice.

### B. Bad Faith

Gerber Life contends that the Court should dismiss Count Two because Fields' allegations relate to its improper solicitation and post-claim practices, theories of liability purportedly rejected by the Supreme Court of Pennsylvania in *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186 (2007) and by the United States Court of Appeals for the Third Circuit in *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121 (3d Cir. 2005).  Relying on *Babayan*, Gerber Life contends that Fields' claim is foreclosed because "Pennsylvania law provides that it is not bad faith to conduct a thorough investigation into a questionable claim."  *Id.* at 138.  Gerber Life further highlights the *Toy* Court's observation that "the Legislature intended not to give relief under the bad faith statute to an insured who alleges that his insurer engaged in unfair or deceptive practices in soliciting the purchase a policy."  928 A.2d at 200.

Field's bad faith claim is not, however, premised solely on the theory that Gerber Life engaged in improper solicitation or post-claim underwriting practices.  For example, Fields also avers that Gerber Life attached improper and illegal documentation to the insurance policy and used that documentation to deny coverage.  Thus, accepting the facts as true as it must at this stage, the Court cannot conclude that Fields has failed to state a claim upon which relief could be granted.

### C. UTPCPL

Gerber Life asserts that Count Three should be dismissed because Plaintiff's claim is based on nonfeasance rather than misfeasance as required under Pennsylvania law.  In the

alternative, Geber Life maintains that dismissal of Count Three (and Count Four) is warranted because Fields cannot demonstrate her justifiable reliance on any alleged misrepresentation(s).

As our court of appeals has explained, "there is no right to recover under the UTPCPL for nonfeasance, which is the failure to perform a contractual duty." *Leach v. Nw. Mut. Ins. Co.*, 262 F. App'x 455, 459 (3d Cir. 2008) (citing *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir. 1995)). Moreover, "[a]n insurer's failure to pay benefits under a policy constitutes simple nonfeasance and is not actionable under the UTPCPL." *Id.* Thus, the UTPCPL "applies only to claims of malfeasance (the doing of an improper act) or of misfeasance (the improper performance of some act which a person may lawfully do.)." *Millwood v. State Farm Mut. Auto. Ins. Co.*, CIV.A. 08-1698, 2009 WL 291168, at *3 (W.D. Pa. Feb. 5, 2009).

Here, the Court finds that the Complaint states a cause of action under the UTPCPL. Several of the averments extend beyond mere non-payment under the policy and include allegations that Gerber Life improperly performed its apparent contractual obligations by *inter alia* failing to properly investigate Fields' claim and knowingly violating state and federal law. *See* Compl. at 13, ¶¶ 37(a)-(t). Therefore, the Court declines to dismiss Count Three of the Complaint at this time.

### D. Common Law Fraud and Misrepresentation[1]

Under Pennsylvania law, to prove fraud a plaintiff must prove the following elements by clear and convincing evidence: "(1) a misrepresentation; (2) a fraudulent utterance of it; (3) the maker's intent that the recipient be induced thereby to act; (4) the recipient's justifiable reliance

---

1. Geber Life does not raise the gist of the action doctrine as a bar to the fraud based claim(s), *c.f. Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 446 (W.D. Pa. 2010), or assert that Fields' theories are otherwise precluded, *c.f. Tomalski v. Armstrong World Indus., Inc.*, 2:12-CV-140, 2012 WL 6086935, at **4-5 (W.D. Pa. Dec. 6, 2012). *See also Hersh v. CitiMortgage, Inc.*, 2:13-CV-1344, 2013 WL 6858443, at *8 n.7 (W.D. Pa. Dec. 30, 2013); *Mobile Conversions, Inc. v. Allegheny Ford Truck Sales*, 2:12-CV-1485, 2013 WL 1946183, at **3-5.

on the misrepresentation; and (5) damage to the recipient proximately caused." *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 232 (3d Cir. 1995) (quoting *Seven v. Kelshaw*, 611 A.2d 1232, 1236 (Pa. Super. Ct. 1992)). Justifiable reliance is also "a necessary element for standing under the UTPCPL's private-plaintiff standing provision, and reliance cannot be presumed." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012).

Here, Fields avers that Geber Life represented that it would provide to her insurance for her grandson's future educational expenses or payment in the event of his death and that she relied upon that representation to her detriment in deciding to purchase the policy. Moreover, a fair reading of the Complaint indicates that Gerber Life allegedly created a "no-loss" scenario for itself and never intended to pay benefits: if Davis lived, the insurer would continue to collect premiums; if he died, it would simply deny payment based upon the so-called illegal documentation. The allegations are sufficient to support Fields' theory at this stage of the proceedings. Accordingly, the Court declines to dismiss Count Four (or Count Three) on this basis.

## IV. Conclusion

For the reasons hereinabove stated, the Court will deny the motion to dismiss. An appropriate Order follows.

McVerry, J.

# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. FIELDS, | ) |
| Plaintiff, | ) ) ) 2:14-cv-727 |
| v. | ) ) |
| GERBER LIFE INSURANCE COMPANY, | ) ) |
| Defendant. | ) ) |

## ORDER OF COURT

AND NOW, this 2nd day of September, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6) (ECF No. 4) filed by Defendant Gerber Life Insurance Company is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Gerber Life Insurance Company shall file a responsive pleading on or before September 16, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Alexander J. Jamiolkowski, Esquire**
Email: ajamiolkowski@comcast.net
**Margaret M. Egan, Esquire**
Email: margaretegan@comcast.net

**Michael A. Weiner. Esquire**
Email: weiner@bbs-law.com